PER CURIAM.
This case involves a dispute over 80 acres of real property in Okaloosa County. The Board of Trustees of the Internal Improvement Trust Fund (Appellant) filed an action to quiet title and alleged claims of trespass and ejectment against Appel-lee, James Lee. Lee asserted his predecessors acquired title by adverse possession without color of title.
During the two-day non-jury trial, two questions were at issue: (1) whether Lee’s predecessors acquired title to the property by adverse possession prior to the 1939 statutory amendment by which persons were required to return the land for taxes and pay taxes on the land; and (2) whether Lee’s predecessors acquired title to the property by adverse possession before the property was conveyed to the United States in 1937. Ultimately, the trial court concluded Lee proved adverse possession. The court quieted title in Lee, and dismissed Appellant’s claims of trespass and ejectment. Because the trial court’s findings upon which its conclusion is based are not supported by competent, substantial evidence, we reverse.
The parties stipulated the applicable statute was section 4656, Florida Statutes (1927). Based on that statute, Lee was required to prove that, prior to 1937, his predecessors: (a) actually and continually occupied the 80 acres at issue; (b) for seven years; by (c) protecting the 80 acres by substantial enclosure, or usually cultivated or improved the 80 acres. See id; see also Porter v. Lorene Inv. Co., 297 So.2d 622 (Fla. 1st DCA 1974). Lee was required to establish each element by clear and positive proof, which “cannot be established by loose, uncertain testimony which necessitates resort to mere conjecture.” Downing v. Bird, 100 So.2d 57, 64 (Fla.1958). Moreover, Lee was required to show by “clear, definite and accurate” proof “that the possession continued for the full period required by law.” Id. The “limits, location, and extent of his occupation must be definitely and clearly established by affirmative proof, and cannot be established or extended by presumption.” Id.
Only three witnesses with personal knowledge of the use of the property prior to 1937 testified. None of the testimony provided competent, substantial evidence to support any of the required elements. No witness knew how many acres Lee’s predecessors had or where fences were located. Although two witnesses remem *614 bered fields and crops, no one knew the size of the fields. No one testified to Lee’s predecessors having 80 acres. At most, one witness testified there were 15, 20, “or 30 acres or whatever,” or 40 acres. That witness marked a map showing where he believed Lee’s father’s house had been located but, when compared to the map showing the disputed parcel and where Lee placed the house, they were two different parcels. One witness did not remember Lee’s father having any fields or fences, and when shown a map, could not show where the house would have been prior to 1937.
In sum, there is no proof that Lee’s predecessors actually and continually occupied the 80 acres at issue for a period of seven years prior to 1937, or that they substantially enclosed or usually cultivated or improved the 80 acres. Nor is there any proof as to the limits, location, or extent of Lee’s predecessors’ occupation of the 80 acres at issue prior to 1937. Consequently, the trial court’s findings that Lee’s predecessors substantially enclosed, cultivated and improved the 80 acres at issue, and their possession was known and recognized by various members of the community, is not supported by competent, substantial evidence. The order quieting title in Lee and dismissing Appellant’s claims for trespass and ejectment is REVERSED, and the case is REMANDED for the trial court to quiet title in Appellant, and reinstate Appellant’s claims for trespass and ejectment against Lee.
DAVIS, POLSTON, and HAWKES, JJ., concur.